Dein-Bacher, Incorporated, complainant-respondent,

*v.*

United States Fidelity and Guaranty Company,
defendant-appellant.

[Argued October 20th, 1933. Decided January 11th, 1934.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Sooy, in accordance with the views expressed in a memorandum opinion filed by the late Vice-Chancellor Ingersoll, who heard the case. Vice-Chancellor Ingersoll's opinion reads in part as follows:

"The complainant, formerly doing business under the name of Y. Dein & Company, is a dealer in furs in Atlantic City, and sometime prior to the issuance of the policy of insurance referred to in this cause, alleges that a number of furs were stolen from its store windows. For this nature of loss, they then held no insurance, and desiring to obtain insurance against a theft of that nature, applied to E. A. Wilson Company, the agents of the defendant, for such a policy. One, Lester H. Blumberg, who appeared to be an underwriter of

the defendant company, was brought by E. A. Wilson Company to Atlantic City for the purpose of inspecting the risk.

"Blumberg and William Wilson president and manager of the E. A. Wilson Company, were informed of the nature of the policy desired and the reason therefor, and the testimony is convincing that it was agreed, both by Blumberg and Wilson, that such a policy would be written. The policy was issued and renewed from time to time.

"A loss occurring by theft out of the show window, suit was brought by the complainant. Defense was made thereto, that the policy did not cover the risk.

"It is manifest that the wording of the present policy does not cover such a risk, and this bill is filed; first, praying for a reformation of the policy of insurance, and secondly, to restrain the defendant from asserting in an action at law that said policy did not cover the risk.

"It is manifest that it was the intention of the insured and of Wilson and Blumberg, the insurers, that such a policy should be issued. Blumberg's testimony was not produced by the defendant. In fact, no testimony was offered by it. The fact that Blumberg was not produced as a witness, has weight against the contention of the defendant. *Provident Institution for Savings in Jersey City* v. *Sisters of the Poor of St. Francis, 87 N. J. Eq. 424.*

"The non-production of evidence essential in the trial of a cause, which is in the possession of one of the parties, unexplained, raises a presumption that such testimony would tend to the disadvantage of the party not producing it, if it was produced. *Eckel* v. *Eckel, 49 N. J. Eq. 587.*"

*Messrs. Carr & Carroll,* for the appellant.

*Mr. Samuel Levinson* and *Messrs. Thompson & Hanstein,* for the respondent.

PER CURIAM.

We agree with the vice-chancellor that the evidence clearly indicates that it was the intention of all parties to issue a

policy of insurance that would cover the loss sustained by the complainant; that the policy which actually was issued was the result of mutual mistake; and that the complainant is entitled to have it reformed.

There is another question raised in the court below and urged here which is not dealt with at length in the opinion of the vice-chancellor. The appellant contends that the respondent had the policy in its possession from the time of issuance until the time of the burglary of the window, a period of over two years, and that because it accepted and retained the policy, without complaint as to its terms, it elected to accept the policy as written and cannot now seek reformation; citing *Crescent Ring Co., Inc.,* v. *Travelers' Indemnity Co., 102 N. J. Law 85; Sardo* v. *Fidelity and Deposit Co., 100 N. J. Eq. 332,* and *Berkowitz* v. *Westchester Fire Insurance Co., 106 N. J. Eq. 238.* In those cases there was no question but that the assured had possession of the policy for a long period of time before loss was suffered, and it was held that the assured was under a duty to read and examine the policy and express any dissatisfaction with reasonable promptness.

In the instant case, as stated by the vice-chancellor, the defendant-appellant produced no witnesses, and made no effort to affirmatively prove the delivery and retention by the assured of the policy in question. Louis J. Bacher, treasurer of the complainant company, testified that he had no record or recollection of ever having received or seen the policy; he also testified that he was the person in complainant's organization who would have received it. Y. Dein, president of complainant, testified that he never saw the policy in the possession of complainant. The policy appears to have been sent by E. A. Wilson & Company, Atlantic City agents for the appellant, to one Sasslaff, whom the complainant had first asked to get the coverage sought by a policy. Sasslaff had no recollection of handling the policy but testified that his records showed receipt by him of a policy. He did go so far as to say that he thought he had delivered it to complainant, but it appears from his examination that this state-

ment was based more upon the fact that it was his custom to deliver policies to persons insured than upon any record or definite recollection of its delivery.

In addition to this testimony, there is the fact that after the loss complainant was unable to find the policy in its files and had to procure a copy from the home office of the defendant before instituting its action at law.

The defense now relied upon was set up in the answer as an affirmative defense and was denied in the complainant's replication. In view of all the testimony, we think the record justifies a finding that there was a lack of proof of delivery and retention of the policy sufficient to bar an action for reformation on the ground of an election to accept its terms because of failure to make earlier objection to such terms.

The decree appealed from is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.